# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2025

Lyle W. Cayce
Clerk

No. 22-10571

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CEDRIC ROSE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-2232

Before ELROD, *Chief Judge*, and DENNIS, and HIGGINSON, *Circuit Judges*.

PER CURIAM:

Cedric Rose appeals the denial of his 28 U.S.C. § 2255 motion in which he challenged his Armed Career Criminal Act (ACCA) sentences in light of *Johnson v. United States*, 576 U.S. 591 (2015). The Government defends the district court's denial because of *United States v. Garrett*, 24 F.4th 485, 486 (5th Cir. 2022), where our court held that robbery by threat and aggravated robbery by threat convictions under Texas criminal law qualify as ACCA predicate offenses. Shortly after oral argument, however, the Texas Court of Criminal Appeals—the highest criminal court in Texas—

No. 22-10571

issued its decision in *Floyd v. Texas*, -- S.W.3d --, 2024 WL 4757855 (Tex. Crim. App. Nov. 13, 2024), which unequivocally abrogated *Garrett*. *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 842 n.3 (5th Cir. 2023) (explaining that the rule of orderliness applies unless there is a "clearly contrary subsequent holding of the [state's] highest court"). Because of this significant intervening change in law, we VACATE the judgment of the district court and REMAND for further proceedings. *See, e.g.*, *Utah v. Su*, 109 F.4th 313, 319–20 (5th Cir. 2024) (explaining that the "modest and relatively uncontroversial practice" of remanding in light of changes in precedent reflects "two premises implicit in our legal system: first, that changes in precedent generally apply to cases pending on appeal; and second, that appellate courts generally sit as courts 'of review, not first view'").